Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JOSÉ RAFAEL ARRIETA IGARTÚA<br><br>Recurrido<br><br>v.<br><br>ASOCIACIÓN DE RESIDEDNTES DE [ESTANCIAS] DE CIDRA, Y OTROS<br><br>Peticionarios | KLCE202400218 | *CERTIORARI* procedente del Tribunal Superior de Puerto Rico, Sala Superior de Caguas<br><br>Caso núm.: CG2020CV01197<br><br>Sobre: Interdicto Provisional Permanente, Daños y Perjuicios |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, la Asociación de Residentes de Estancias de Cidra (AREC o la peticionaria) mediante el recurso de *Certiorari* de epígrafe y nos solicita que revoquemos la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI) el 2 de febrero de 2024, notificada el 5 del mismo mes y año. En la mencionada *Resolución* el foro primario declaró *No Ha Lugar* a la solicitud de sentencia sumaria presentada por la peticionaria, al amparo de la Regla 36 de Procedimiento Civil.

Por los fundamentos que detallamos a continuación, denegamos la expedición del recurso de *certiorari* solicitado.

**I.**

El 6 de junio de 2020, el Sr. José Rafael Arrieta Igartúa (señor Arrieta Igartúa o el recurrido) presentó una *Demanda* solicitando un interdicto preliminar de cese y desista, al amparo de la Regla 56 de Procedimiento Civil. Dicha demanda fue dirigida en contra de la

peticionaria y varias partes codemandadas, entre ellos, miembros que componen AREC. Dentro de sus alegaciones expuso violaciones con lo establecido en la Escritura de Compraventa, con la Escritura de Restricciones de Uso y Edificación, con el Reglamento de la Asociación de Residentes y con la Ley de Control de Acceso.[1] Además, solicitó -entre otras cosas- una compensación por daños.

El 9 de julio de 2020, el TPI declaró *No Ha Lugar* a la solicitud de interdicto preliminar al determinar que las alegaciones no cumplían con los requisitos para emitirlo, puesto que estas carecían de urgencia.[2] Por lo tanto, ordenó que se continuaran los procedimientos por la vía ordinaria.

Luego de varios trámites procesales la peticionaria, mediante escrito intitulado *Moción en Solicitud de Sentencia Sumaria Parcial*, solicitó que se dictara sentencia sumariamente por entender que no había controversias sobre los hechos materiales del caso.[3] En su solicitud desglosó los hechos que consideraba no controvertidos y acompañó la evidencia documental pertinente. Además, planteó que procedía la desestimación de la *Demanda* y expuso sus argumentos a favor de ello.

El 2 de febrero de 2024, notificada el 5 de febrero siguiente, el TPI dictó la *Resolución* recurrida en la cual declaró No Ha Lugar a la moción de sentencia sumaria. En esta el foro recurrido consignó siete (7) hechos no controvertidos y diez (10) hechos en controversia. Estos últimos fueron:

1. La junta de directores de la asociación fue escogida en asamblea desde 2012 al presente y los miembros tenían capacidad para ocupar sus puestos.
2. La asociación no ha sido secuestrada o es un alter egos de su junta de directores.
3. La Asociación de Residentes de Cidra nunca ha tenido guardias 24 horas y/o perímetro controlado.
4. La asociación no dio por terminado el servicio de seguridad.

---

[1] Véase el Apéndice II del Recurso, a la pág. 7.
[2] Véase, entrada Núm. 17 del expediente digital del Caso núm. CG2020CV01197 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase el Apéndice XIX del Recurso, a las págs. 257-676.

5. La asociación reparó la verja caída.
6. La asociación provee los informes que establece el reglamento.
7. La asociación no ha tolerado ni autorizado se mantenga operación de taller de mecánica y o acceso adicional o negocio comercial. Véase, Exhibit 1, Declaración jurada página. párrafo 16. Véase, Exhibit 12, Deposición demandante, pagina 125, párrafo 17-23, página 126, párrafo 14, página 128, párrafo 4-8.
8. La Asociación no ha tomado decisión de eliminar los guardias, la misma se tomó en asamblea.
9. El demandado ha presentado una reclamación frívola.
10. No existe taller de mecánica en la Urbanización de Estancias de Cidra.[4]

Al respecto, en cuanto a su determinación, el foro primario razonó lo siguiente:

En el caso de autos existen múltiples hechos en controversia, por lo que, este Foro está impedido de dictar sentencia sumaria. Mucha de la prueba sometida son declaraciones juradas de los propios codemandados, lo cual representa evidencia "self serving". Además, la Asociación de Residentes de Cidra, sí podría responderle en daños a la parte demandante de demostrarse en su día que est[á] teniendo conocimiento de los incumplimientos de varios residentes con las condiciones restrictivas de la escritura matriz, se cruzó de brazo[s] y no hizo nada para hacer cumplir la misma. Finalmente, los daños alegados en la demanda son unos continuos. Consecuentemente, es imposible que los mismos hubiesen prescrito previo a la presentación de la demanda. En cuanto, a la alegación de parte indispensable no entraremos en los méritos de la misma debido a que la parte codemandada, Asociación de Residentes de Cidra, ni tan si quiera explicó su argumento. En vista de lo anterior, se declara no ha lugar la solicitud de sentencia sumaria sometida por la codemandada, Asociación de Residentes de Cidra.[5]

Inconforme ante dicho dictamen, la Asociación acude ante este foro apelativo planteando los siguientes señalamientos de error:

ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUS[Ó] DE SU [DISCRECIÓN] AL DECLARAR DETERMINAR EN CONTROVERSIA LOS HECHOS 2, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16 y 19.

ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUS[Ó] DE SU [DISCRESIÓN] AL DETERMINAR QUE NO PROCEDÍA LA MOCI[Ó]N DE SENTENCIA SUMARIA.

[4] Véase el Apéndice I del recurso, a las págs. 1-5.
[5] *Íd.*

El 28 de febrero de 2024, dictamos una *Resolución* concediéndole a la parte recurrida un término de diez (10) días para expresarse. El 5 de marzo siguiente, compareció el señor Arrieta Igartua mediante un *Memorando en Oposición a Expedición de Auto de Certiorari.* Advertimos, además que, como parte de los trámites ante nuestra consideración, se nos planteó un asunto relativo a la representación legal de la peticionaria, lo cual atendimos mediante varias órdenes las cuales fueron cumplidas.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver el presente recurso.

## II.

**El auto de *certiorari***

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre, entre otros, de la denegatoria de una moción de carácter dispositivo. Sin embargo, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, previo a ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto el *certiorari. García v. Padró*, 165 DPR 324, 334 (1999). Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. (citas omitidas)." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). Así pues, se ha considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna. (citas omitidas)." *Íd.* A estos efectos, la Regla 40 de nuestro Reglamento, *supra,* enmarca los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional *certiorari. I.G. Builders et al. v. BBVAPR*, supra. Dicha regla establece lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En síntesis, la precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari.* De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Además, es norma trillada que un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este

último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009). También, los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008).

### *Mecanismo de Sentencia Sumaria*

La sentencia sumaria es un mecanismo procesal mediante el cual se confiere al juzgador discreción para dictar sentencia sin necesidad de celebrar vista evidenciaria. *Ramos Pérez v. Univisión,* 178 DPR 200 (2010); *Nissen Holland v. Genthaller,* 172 DPR 503, 511 (2007). En el ejercicio de tal discreción el tribunal examinará los documentos admisibles en evidencia que se acompañan con la solicitud y los documentos que se encuentran en el expediente del tribunal. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414 (2013); *Cruz Marcano v. Sánchez Tarazona,* 172 DPR 526, 550 (2007). Una vez el tribunal determine que no existe una controversia genuina de hechos que tenga que ser dirimida en vista evidenciaria, y que lo único que falta es aplicar el derecho, procederá a dictar la sentencia sumaria. *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 575 (1997).

Este mecanismo contribuye en aligerar la tramitación de los casos, permitiendo que se dicte sentencia sin necesidad de celebrar una vista evidenciaria, cuando de los documentos no controvertidos que se acompañan con la solicitud, y de la totalidad de los autos, surge que no existe controversia sobre los hechos materiales, por lo cual solo corresponde aplicar el derecho. *SLG Zapata-Rivera v. J.F. Montalvo,* supra; *Medina v. M. S. & D química P.R. Inc.,* 135 DPR 716, 726 (1994); *Cuadrado Lugo v. Santiago Rodríguez,* 126 DPR 272, 279 (1990). Este mecanismo discrecional aligerará la tramitación de un caso, pues el tribunal solo tendría que aplicar el derecho. *Oriental*

*Bank v. Perapi et al.*, 192 DPR 7, 25 (2014); *Ramos Pérez v. Univisión*, supra, a las págs. 213-214.

Los hechos materiales son los que pueden afectar el resultado de una reclamación, bajo el derecho sustantivo aplicable. La controversia sobre el hecho material debe ser real y de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. *Ramos Pérez v. Univisión*, supra, a la pág. 213. El principio rector que debe guiar al juez de instancia en la determinación sobre si procede o no la sentencia sumaria es "el sabio discernimiento", porque si se utiliza de manera inadecuada, puede prestarse para privar a un litigante de su día en corte, lo que sería una violación a su debido proceso de ley. *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 327-328 (2013).

La Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36, establece de manera específica los requisitos de forma que debe cumplir la parte que promueve la moción de sentencia sumaria; así como la que se opone a ella. En lo pertinente, el promovente debe exponer un listado de hechos no controvertidos, desglosándolos en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible que lo apoya. A su vez, la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. *Meléndez González, et al. v. M. Cuebas*, 193 DPR 100, 111 (2015). De este modo, se facilita el proceso adjudicativo, ya que posiciona al juzgador de evaluar conjuntamente las versiones encontradas para cada uno de los hechos refutados a la luz de las referencias a la prueba. "Este sistema claramente agiliza la labor de los jueces de

instancia y propende la disposición expedita de aquellas disputas que no necesitan de un juicio para su adjudicación." *SLG Zapata Rivera, v. J.F. Montalvo*, supra, a la pág. 434.

Al considerar una moción de sentencia sumaria, **si el promovido no controvierte los hechos que presente la parte promovente, los mismos se tendrán por ciertos**. *Díaz Rivera v. Srio. de Hacienda*, 168 DPR 1, 27 (2006). Así, nuestra alta *curia* ha aclarado que "a menos que las alegaciones contenidas en la moción de sentencia sumaria queden debidamente controvertidas, estas podrían ser admitidas y, de proceder en derecho su reclamo, podría dictarse sentencia sumaria a favor de quien promueve". *Meléndez González, et al. v. M. Cuebas*, supra, a la pág. 137. Sin embargo, "toda inferencia razonable que se realice a base de los hechos y documentos presentados, en apoyo y en oposición a la solicitud de que se dicte sentencia sumariamente, debe tomarse desde el punto de vista más favorable al que se opone a la misma". *ELA v. Cole*, 164 DPR 608, 626 (2005).

Pertinente a la controversia ante nuestra consideración, como es sabido, existen dos (2) modalidades de sentencia sumaria: la primera, que se dicta a base de documentos ofrecidos por el promovente que demuestran que no existe controversia real de hechos y procede aplicar el derecho; y la segunda, por insuficiencia de prueba. Esta última se presenta luego de realizarse un "descubrimiento de prueba exhaustivo", donde se determine que la prueba existente no es suficiente para sustentar las alegaciones de la demanda; y por ende, procede desestimarla. *Ramos Pérez v. Univisión*, supra, a la pág. 213; *Medina v. M. S. & D química P.R., Inc.*, supra, a la pág. 732. En cuanto a esta modalidad, nuestro más alto foro ha expresado que el promovido puede derrotarla demostrándole al tribunal que **no ha podido realizar un descubrimiento de prueba adecuado**. *Pérez v. El Vocero de P.R.,*

149 DPR 427,449 (1999); *García Rivera et al. v. Enríquez,* 153 DPR 323, 340 (2001).

Por último, en lo relativo al ejercicio de la facultad revisora de este Tribunal de Apelaciones sobre la procedencia de la sentencia sumaria, los criterios son los siguientes: (1) solo debemos considerar los documentos que se presentaron ante el foro de primera instancia; (2) estamos impedidos de adjudicar hechos materiales y esenciales en disputa, puesto que esa tarea únicamente le corresponde al tribunal primario; (3) debemos examinar el expediente de la manera más favorable a la parte promovida; (4) debemos observar que las mociones cumplan con los requisitos formales estatuidos en la Regla 36 de Procedimiento Civil, *supra*; (5) podemos determinar la existencia de una controversia genuina de hechos materiales y esenciales, si los hubiese; y (6) ante un caso donde no existan hechos materiales en controversia, este foro intermedio procederá a revisar *de novo* si la primera instancia judicial aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, supra, a las págs. 118-119; *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004).

### III.

En esencia la peticionaria arguye que el foro primario erró al declarar sin lugar su solicitud de sentencia sumaria y determinar que aún existían hechos en controversia. Alega, además, que el TPI abusó de su discreción al establecer lo anterior mencionado y determinar que las declaraciones presentadas por la peticionaria en su solicitud de sentencia sumaria son "self-serving", determinar que los daños alegados por el señor Arrieta Igartúa son continuos y en decidir no discutir el argumento referente a falta de parte indispensable. Sin bien al amparo de la Regla 52.1, antes citadas, estamos facultados a revisar una denegatoria de una moción de carácter dispositivo.

Analizado el recurso presentado, así como los documentos que forman parte del apéndice, concluimos que no se encuentran presente ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra.* Además, de una lectura del recurso, la peticionaria no nos persuadió de que el TPI abusó su discreción al denegar su petitorio. Asimismo, advertimos que, aun cuando se planteó el asunto relativo a la representación legal de AREC recalcamos que no se justifica nuestra intervención. Incluso, la *Resolución* impugnada no amerita nuestra revisión inmediata para "evitar un fracaso de la justicia".

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones